# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

Lillian P. Iannini                                   Bankruptcy No.09-22081-JKF
      Debtors

Chapter 13

Lillian P. Iannini
      Movants

v.                                                   **Related to Doc. No. 132, Application for**
                                                    **Compensation; Doc. No. 143, Amended**
City Residential Lending, Duquesne Light      **Application for Compensation**
Company, I C System Inc., P.A. Receivables
Management, LLC, Seventh Ave, Deutsche
Bank National Trust, James Iannini, National
Hosp Collections, (P)PORTFOLIO RECOVERY
ASSOCIATES LLC, U.S. Bankruptcy Court, Dominion
Peoples, GMAC, NCO Financial Systems, Office of
the U.S. Trustee, Richard M. Squire and Associates,
Lillian P. Iannini, Ronda J. Winnecour
      Respondents

## MEMORANDUM OPINION[1]

Before the court is the fee application of Debtor's counsel.[2] The case was dismissed on

---

[1] The court's jurisdiction was not at issue. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

[2] The initial fee application was filed on November 23, 2010, at Doc. No. 120, three months after the case was dismissed on August 26, 2010, Doc. No. 111, and a month after the motion to reconsider dismissal was denied on October 22, 2010. Doc. No. 117. Two applications for compensation were filed on December 2, 2010, to address corrective entries. *See* Doc. Nos. 124, 126. A corrective fee application was filed on December 7, 2010, at Doc. No. 128 and was dismissed for noncompliance with certain local rules on December 8, 2010, at Doc. No. 130. Yet another fee application was filed on December 21, 2010, at Doc. No. 132. An objection was filed at Doc. No. 136. This court entered an order requiring counsel to amend the latest fee application to identify time keepers and to adjust the hourly rate for an associate to the amount at which that associate's time was actually charged. The amended fee application was filed on September 8, 2011, at Doc. No.143.

August 26, 2010, and a motion to reconsider the dismissal was denied on October 22, 2010. Order at Doc. no. 117.  On July 6, 2009, Debtor filed an adversary complaint against Deutsche Bank alleging that the sheriff's sale was an unlawful fraudulent transfer of her property.  Adv. No. 09-02385.  The adversary case was dismissed on December 3, 2009, and the dismissal was affirmed on appeal.  *In re Iannini*, 2010 WL 2104244 (W.D. Pa., May 24, 2010), appeal dismissed as moot *In re Iannini*, 435 Fed.Appx. 75 (3d.Cir. 2011).  Because we find the services rendered in relation to this action excessive and unnecessary, we will reduce the fees.  The no-look fee in this district is $3,100.  Counsel's fee agreement with Debtor was for an initial retainer of $4,800, inclusive of the no-look fee.  *See* Doc. No. 8.  His fee application is for $16,751.50 after deducting the retainer.[3]  Total fees requested are $21,551.50 plus expenses of $1,027.72.

We disallow one-half of all travel time charged.  The type of service performed affects the rate of compensation.  *See In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 849 (3d Cir. 1994).  The rate for travel is not legal work for which the full hourly rate of counsel will paid.  It is customary in bankruptcy cases in this district to allow 50 percent of the attorney's hourly fee for travel time.  *In re McGuier* 346 B.R. 151, 166 (Bankr.W.D.Pa., 2006).[4]  Mr. Colecchia recorded 1.5 hours on June 26, 2009, for "Travel to Beaver County to Review records."  In

---

[3]Counsel also seeks $1,027.72 in expenses.

[4]*See also*, for example, Exhibit 1 to Fee Application of Brian Thompson, Case No. 07-20432, Doc. No. 103-1 (charged half-time for travel to and from hearings); Application of Daniel White for Interim Compensation, Case No.06-22299, Doc. No. 68 (charged half rate for travel to and from Pittsburgh); Exhibit "A", Application for Professional Fees by Paul Johnson, Case No. 06-21546, Doc. No. 155-1 (did not charge for time spent traveling); Exhibit "A", Application for Compensation of Russell Burdelski, Case No. 06-22013, Doc. No. 40-1 (charged half-rate equivalent for travel from office to Pittsburgh).

accordance with the discussion above, and as a simple way to reflect the reduction, we will allow fees for half the time charged; i.e., .75 hours at his hourly rate of $225 or $168.75.

We also disallow or reduce, as discussed below, those fees which have been lumped together on the amended fee application. On June 30, 2009, Mr. Colecchia recorded 1.6 hours for "Trip to Beaver County to review records." That same day, he recorded an additional 1.6 hours for "Return to Greensburg." As such, the fee schedule lacks the requisite specificity with regard to which fees were charged at his full hourly rate for travel and which were incurred as part of the review of records. This difference is important because, as discussed above, the standard is to charge half time for travel. In *In Re Younger*, this court addressed a similar situation to that in this case. 360 B.R. 89, 97 (Bankr.W.D.Pa., 2006). In *Younger* counsel had lumped travel in a way that the court was unable to distinguish travel time from other activities. The court noted that such lumping violates Local Bankruptcy Rule 2016-1-C.1. Nonetheless, in *Younger*, the court did not make a reduction for lumping because counsel had accepted a voluntary discount of his fees which the court found to result in a reasonable total fee, but stated that it would reduce the travel expense allowance in the future. In the case at bench, this court disallows fees because it cannot distinguish travel time from the time spent on review of records. While 1.6 of the total 3.2 hours recorded as part of the record review in Beaver County is distinguished as "return to Greensburg", we are uncertain as to how 1.6 hours was travel to Beaver County, as well as the reviewing of records, yet the travel home also took 1.6 hours. It appears that the entry refers only to the travel time, without any time spent on record review. Thus, we will allow both the "Trip to Beaver County to review records" as well as the fees incurred for "Return to Greensburg" at one-half the hourly rate as travel time. Accordingly the

3

entire fee for the travel to Beaver County and return to Greensburg will be allowed at $360 (3.2 hours at $225 per hour is $720. One-half of that amount is $360 (fee of $112.50 times 3.2 hours).

The language of 11 U.S.C. § 330(a) gives the court discretion to award the fees it deems reasonable, as it provides that the court "may award" fees that are less than requested. *Busy Beaver Building Centers*, *supra*, 19 F.3d at 841. In making its determination of the amount of compensation to be awarded in fees, the court is to consider an array of factors, including the time spent on the attorney's services, the rates charged for such services, the necessity of the services or benefits to the completion of the case, and the reasonableness of compensation when compared to the rates charged by comparably skilled practitioners. *In re Younger, supra*, 360 B.R. at 95. *See generally*, 11 U.S.C. § 330(a). In the court's opinion, $225 per hour is a reasonable fee for a senior attorney in this district. As such, we do not adjust Mr. Colecchia's hourly rate of $225.[5]

With regard to which fees were necessary or beneficial to the estate, Mr. Colecchia argues that all of his fees should be allowed because the Debtor was benefitted by his services.

---

[5] The fee agreement between Attorney Colecchia and the Debtor, Doc. No. 8, states at ¶ 4 that his hourly rate is $225, the rate of "any Junior Attorney" is $195, and the rate "for any paralegal" is $95. The amended breakdown of fees filed at Doc. No. 143 in response to this court's order of August 25, 2011, Doc. No. 141, identifies Attorney Jeffrey S. Golembiewski as "A-2" and "Senior Attorney" who also bills at $225 per hour. There is only one charge for "Junior Attorney," Justin P. Schantz, identified as "B" on the amended breakdown of fees. It appears from the detail provided that Mr. Schantz drafted the motion to consider dismissal of the case, traveled to Pittsburgh and back to Pittsburgh and attended the hearing. The entire charge for this work was $195, Mr. Schantz's hourly fee. The total time spent in travel and attendance at the hearing was 3.6 hours. At $195 per hour, Mr. Schantz's fee for attending the hearing would be $58.50. Travel time charged at one-half of Mr. Schantz's hourly fee would be $224.25. However, because the charge was for work that occurred after dismissal of the adversary, no fee will be allowed.

4

His contention is that his services enabled the Debtor to remain in her former residence. However, the residence was sold at a sheriff's sale prepetition and Debtor had no right to remain there. Foreclosure and recordation of the deed occurred prepetition. Debtor offered to pay rent, which the purchaser refused because the purchaser did not agree to lease the residence to the Debtor. This issue was previously addressed by this court, which held that by the time the Debtor filed her bankruptcy, she had lost the right to redeem the property. In essence, the court ruled that, once the deed was recorded, there could not be a bona fide purchaser for value who could avoid the transfer. Thus, the Debtor cannot rely on §544(a)(3). The Bankruptcy Court's decision was affirmed on appeal. *See In re Iannini*, 2010 WL 2104244, *3 (W.D. Pa., May 24, 2010).[6] Furthermore, while the Debtor remained in the property without any right to do so and without title to or interest in the property, the purchaser was out of possession. When the bankruptcy was dismissed on August 26, 2010, no plan had been confirmed and no creditor benefitted from the case because the money that had been paid to the Chapter 13 Trustee was returned to the Debtor. The "benefit" to the Debtor of being a "holdover" occupant without right is not the type of benefit the Bankruptcy Code contemplates and, here, Debtor's conduct harmed the estate's creditors. Counsel's work to keep the Debtor in the property when she had no legal or equitable right to be there was not based on any reasonable basis in law or in fact or any principled argument to change the law. Moreover, Debtor did not benefit ultimately. She did not complete her plan and she lost possession of the house.

      Given these specific failures to benefit the estate or the Debtor, we believe that some of

---

[6] The Third Circuit Court of Appeals dismissed the appeal as moot. *In re Iannini*, 435 Fed.Appx. 75 (3d.Cir. 2011).

5

the services rendered by Mr. Colecchia were excessive and unnecessary to the administration of the case, and thus proved to be detrimental to the estate. Following this line of logic, we deem all fees billed after December 3, 2009, to be unnecessary and, therefore, we disallow them. December 3, 2009, marks the point at which the adversary case was dismissed. Fees charged after this date relate to the adversary case. The services performed after the adversary was dismissed were for meritless proceedings and only served to increase legal expenses. We allow the fees billed for the period leading up to and including December 3, 2009, with appropriate reductions, as noted, for travel time billed at Mr. Colecchia's full hourly rate.

We must also assess the reasonableness of the amount of time for which the attorney charged for the stated services. The court is to look at whether the amount of time spent performing services for the estate was reasonable given the complexity, importance, and nature of the problem, issue, or task addressed. 11 U.S.C. § 330(a). *See also Zolfo, Cooper & Co. v. Sunbeam–Oster Co., Inc.*, 50 F.3d 253, 261 (3d Cir.1995). The court is to bear in mind the goal of preventing over-lawyering. *Id.*

Mr. Colecchia seeks payment for a total of 105.25 hours. Of those hours, 23.15 were expended after the adversary was dismissed, from December 4, 2009, to October 22, 2010, thus reducing the total number of hours for which he is entitled to be paid to 82.1. Of those 82.1 hours, 4.7 hours, 4.7 were spent in travel and must be billed at half his hourly rate. Therefore, 77.4 hours billed at the full rate of $225 totals $17,415.00. However, we find that 77.4 hours expended in legal work in this simple case is unreasonable given the circumstances (Debtor had no right, title or interest in the real estate on the date the petition was filed), the span of time, and the fact that nearly all of the requested fees relate to the adversary, which itself was not complex.

We reduce the number of hours charged at $225 to 60. Thus, the total fee for 60 hours at $225 per hour is $13,500. Adding the $528.75 allowed for the 4.7 hours billed at half the hourly rate ($112.50) the allowed amount of all fees sought is $14,028.75. However, Mr. Colecchia already was paid a retainer of $4,800 which included the $3,100 amount of the no-look fee permitted in this district. Therefore, the amount of the retainer, inclusive of the no-look fee, must be subtracted from the amount allowed for 60 hours of work billed at $225 per hour. The total therefore is $9,228.75.

Mr. Colecchia also seeks $1,027.72 in expenses. Although all but one of these expenses were incurred after the adversary case was dismissed, we will allow all but $11.41 of those expenses because these expenses were incurred due to Debtor's insistence on filing an appeal. The $11.41 amount is disallowed inasmuch as it was expended after the case itself was dismissed. We allow the remaining $1,016.31.

Based on the foregoing and the amended fee application filed by counsel on September 8, 2011 at Doc. No. 143, we will allow fees in the total amount of $9,228.75. We also allow expenses in the total amount of $1,016.31.

An appropriate order will be entered.

DATED: December 14, 2011

*Judith K. Fitzgerald*    **rmab**
Judith K. Fitzgerald
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

Lillian P. Iannini                                      Bankruptcy No.-JKF
    Debtors
                                                        Chapter 13

Lillian P. Iannini
    Movants

v.                                                      **Related to Doc. No. 132, Application for Compensation; Doc. No. 143, Amended Application for Compensation**

City Residential Lending, Duquesne Light
Company, I C System Inc., P.A. Receivables
Management, LLC, Seventh Ave, Deutsche
Bank National Trust, James Iannini, National
Hosp Collections, (P)PORTFOLIO RECOVERY
ASSOCIATES LLC, U.S. Bankruptcy Court, Dominion
Peoples, GMAC, NCO Financial Systems, Office of
the U.S. Trustee, Richard M. Squire and Associates,
Lillian P. Iannini, Ronda J. Winnecour
    Respondents

**ORDER WITH REGARD TO COUNSEL FEES AND EXPENSES**

AND NOW, this **14th** day of **December, 2011,** for the reasons expressed in the foregoing Memorandum Opinion, it is **ORDERED** that counsel's fees are allowed in the total amount of $14,028.75. It is **FURTHER ORDERED** that the amount to be paid, after reduction for payment of the retainer of $4,800, is $9,228.75.

It is **FURTHER ORDERED** that expenses are allowed in the total amount of $1,016.31.

*Judith K. Fitzgerald*    rmab
Judith K. Fitzgerald
United States Bankruptcy Judge